# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**LORENZO FRANK BRIGGS**                                        **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 4:21-CV-P75-JHM**

**JUSTIN GRAHAM** *et al.*                                      **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* civil-rights action brought by a prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the action pursuant to 28 U.S.C. § 1915A. For the following reasons, the action will be dismissed.

### I.

Plaintiff is incarcerated as a pretrial detainee at the Hopkins County Jail (HCJ). He names two HCJ officers as Defendants – Justin Graham and Clinton Linder. Plaintiff alleges that these Defendants tased and restrained him on January 16, 2019. He further alleges that these Defendants and other officers tased and restrained again him on February 8, 2019. Plaintiff states that as a result of these incidents Defendants "pressed charges" against him and that he has been detained since that time but "has not been to court or trial." As relief, Plaintiff seeks damages and release from detention.

### II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff claims that Defendants violated his rights under multiple provisions of the U.S. Constitution. However, based upon Plaintiff's allegations, the Court construes Plaintiff's

allegations that he was tased and restrained as excessive-force claims in violation of the Fourteenth Amendment. *See Burgess v. Fisher*, 735 F.3d 462, 472 (6th Cir. 2014) (explaining that it is the Due Process Clause of the Fourteenth Amendment that protects pretrial detainees from a governmental official's use of excessive force); *Lanman v. Hinson*, 529 F.3d 673, 680-81 (6th Cir. 2008) (same).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). While state law governs the length of the applicable statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see also Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). "Ordinarily, the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson*, 510 F.3d at 635. In determining the accrual date, courts look to "what event should have alerted the typical lay person to protect his or her right." *Id.* (quoting *Kuhnle Bros. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)).

Here, Plaintiff's claims accrued on January 16, 2019, and February 8, 2019, the dates that Plaintiff alleges that Defendants subjected him to excessive force. *See Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (holding that an excessive-force claim generally accrues on the date the plaintiff was subject to excessive force since that is when a plaintiff knew or should have known of the injuries that form the basis of his action). The limitations period expired one year later on January 16, 2020, and February 8, 2020, respectively. Plaintiff did not file the instant complaint

until July 26, 2021,[1] well over a year after the statute of limitations for his excessive-force claims had expired. Thus, this action is untimely and must be dismissed as frivolous. *See, e.g.*, *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

The Court next addresses Plaintiff's statement that he has not been to court since Defendants "pressed charges" against him and that he seeks release from pretrial detention. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[2] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Abernathy v. U.S. Marshal Serv.*, No. 2:08-CV-14663, 2008 U.S. Dist. LEXIS 94728, at *3 (E.D. Mich. Nov. 10, 2008) (recognizing that a state pretrial detainee may bring a federal habeas action to demand a speedy trial) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973)). Thus, to the extent that Plaintiff is challenging the fact or length of his pretrial detention in this § 1983 action, the claim must be dismissed for failure to state a claim upon which relief may be granted.

## IV.

For the foregoing reasons, this action will be dismissed by separate Order.

Date: July 30, 2021

cc: Plaintiff, *pro se*
    Defendants
4414.011

Joseph H. McKinley Jr., Senior Judge
United States District Court

---

[1] Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Plaintiff certifies that he delivered his complaint to the prisoner mail system for mailing on May 5, 2020.

[2] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.") (emphasis omitted).